**ORAL ARGUMENT SCHEDULED SEPTEMBER 12, 2016**

No. 15-8009

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

IN RE: HERMAN BREWER, Individually and on behalf of a class of all other persons similarly situated,

Plaintiff-Petitioner,

v.

LORETTA LYNCH, United States Attorney General,

Defendant-Respondent

---

On Appeal from the United States District Court for the District of Columbia, Case No. 08-1747-BJR, Hon. Barbara J. Rothstein

---

## <u>MOTION FOR LEAVE TO INTERVENE</u>

Prospective class members Keith Harrington, Melanie Thompson, Mariam Rodgers and Frederick Robinson (collectively, "Movants") respectfully move the Court for leave to intervene to substitute Petitioner in this matter. As set forth below, Movants are prospective members of the class that Herman Brewer ("Petitioner Brewer"), sought to represent in the district court. Petitioner Brewer has now settled his individual claims and filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in the district court. Intervention is necessary in order

1

for Movants to protect their interests in appellate review of the lower court's class certification order in the Petition that is fully briefed and scheduled for oral argument before this Court on September 12, 2016. Accordingly, Movants meet the requisites for intervention as of right in this matter under Federal Rule of Civil Procedure 24(a)(2).

## I. FACTUAL HISTORY

### A. Procedural History

Petitioner Brewer and Movants are members of the proposed class of African American Deputy United States Marshals ("DUSMs") in this matter. They allege that respondent United States Marshals Service ("USMS") engages in a pattern or practice of systematic racial discrimination against African American DUSMs in promotions and assignments.

As discussed more fully in the briefing on the Petition, on July 1, 2014, following class discovery, Petitioner Brewer moved for certification of the class promotion and assignment claims under Federal Rules of Civil Procedure 23(b)(2), (b)(3) and (c)(4). *See Herman Brewer, et al., v. Loretta Lynch*, No. 08-1747-BJR (D.D.C. 2008), Dkts. 185, 218. The court denied that motion on September 30, 2015, holding that, because Brewer was forced into mandatory retirement, he was no longer adequate to represent a Rule 23(b)(2) class. *Brewer*, Dkt. 219 at 19-21 (JA2047-2049, Order Denying Class Certification ("Certification Order")). The court also

determined that certification of a Rule 23(b)(3) class would constitute improper "claim-splitting." *Id.* at 19 (JA2047). Accordingly, the district court denied class certification on all bases. *Id.* at 21 (JA2047).

On October 14, 2015, Petitioner Brewer filed a Petition for Leave to Appeal Pursuant to Rule 23(f) ("Petition") seeking interlocutory review of the Certification Order. At approximately the same time, the parties agreed to pursue mediation to determine whether the individual claims of Petitioner Brewer and Plaintiff Brooks could be settled. *See Brewer*, Dkt. 221, Order Granting Joint Motion to Stay.

While they were pursuing mediation, the parties fully briefed the Petition in this Court. On December 21, 2015, this Court issued an order referring the matter to a merits panel and requiring briefing of both the Petition and the merits of the decision denying class certification. The parties' briefing for the merits panel continued into May of 2016. On June 9, 2016, this Court entered an order setting oral argument on the Petition for September 12, 2016.

The terms of the mediation required that settlement discussions be strictly confidential. The parties also agreed, and Department of Justice ("DOJ") policy provides, that there could be no agreement between the parties unless and until any tentative agreement was approved by appropriate DOJ leadership. Accordingly, and because the mediation and negotiations were ongoing, neither party mentioned the settlement discussions in briefing the Petition.

Following extensive mediation and further direct negotiations, the parties reached a tentative agreement on Brewer and Brooks' individual claims. DOJ leadership subsequently approved a modified version of the tentative agreement. Petitioner Brewer and Plaintiff Brooks agreed to the modified terms on July 8, 2016, and DOJ signed the agreement that day. Petitioner Brewer and Plaintiff Brooks signed the agreement on July 11, 2016, thus effectuating a final settlement agreement. The settlement agreement expressly provides that the effective date of the agreement is seven days after the date on which it is signed by all parties. The agreement also requires that Petitioner Brewer file a stipulation of dismissal within 10 days of the agreement's effective date. Accordingly, Petitioner Brewer has filed a stipulation dismissing all of his individual claims with prejudice in the district court.

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the claims of Petitioner Brewer and Plaintiff Brooks are dismissed. Movants seek to intervene to substitute Petitioner in the Petition pending before this Court.

### B. Proposed Intervenors

#### 1. Keith Harrington:

Keith Harrington is an African American DUSM and a member of the proposed class. Mr. Harrington was named as a proposed Plaintiff and intervenor in the Motion for Leave to File Amended Complaint filed in the district court on July 1, 2014. *Brewer,* Dkt. 184. He submitted a declaration in support of Plaintiffs' Motion

4

for Class Certification.  *Brewer*, Dkt. 186-14 (JA1117-1133), Declaration of Keith Harrington.  The factual basis for Mr. Harrington's class promotion and assignment claims is described in his declaration and in the proposed Class Action Complaint appended to the motion for leave to amend.  *Brewer*, Dkt. 184-4 (JA158-204), Amended Class Action Complaint.

### 2. Melanie Thompson:

Melanie Thompson is an African American DUSM and a member of the proposed class.  Ms. Thompson submitted a declaration in support of Plaintiffs' Motion for Class Certification.  *Brewer,* Dkt. 186-29 (JA1211-1218), Declaration of Melanie Thompson.  She also was deposed by USMS in connection with the class certification motion.  *See Brewer*, Dkt. 218-5, Excerpts of Deposition of Melanie Thompson.  The factual basis for Ms. Thompson's class promotion and assignment claims is presented and described in her declaration and her deposition.

### 3. Mariam Rodgers:

Mariam Rodgers is an African American DUSM and a member of the proposed class.  Ms. Rodgers submitted a declaration in support of the Plaintiffs' Motion for Class Certification.  *Brewer*, Dkt. 211 (JA1390-1394), Corrected Declaration of Mariam Rodgers.  She also was deposed by USMS in connection with the class certification motion.  *See Brewer,* Dkt. 218-4, Excerpts of Deposition of Mariam Rodgers.  The factual basis for Ms. Rodgers' class promotion claims is

presented and described in her declaration and her deposition.

### 4. Frederick Robinson:

Frederick Robinson is a former African American DUSM and a member of the proposed class. Mr. Robinson submitted a declaration in support of the Plaintiffs' Motion for Class Certification. *Brewer*, Dkt. 186-26 (JA1192-1197), Declaration of Frederick J. Robinson, Jr. He also was deposed by USMS in connection with the class certification motion. *See Brewer*, Dkt. 218-6, Excerpts of Deposition of Frederick Robinson. The factual basis for Mr. Robinson's class promotion and assignment claims is presented and described in his declaration and his deposition.

## II. LEGAL STANDARD

This Court has the authority to permit Movants to intervene in this matter. "Although the Federal Rules of Appellate Procedure do not provide for intervention other than in cases involving review of certain administrative rulings, intervention is permitted in other cases as a matter of federal common law…." *Univ. of Notre Dame v. Sebelius*, 743 F.3d 547, 558 (7th Cir. 2014) (citing *Int'l Union v. Scofield*, 382 U.S. 205, 217 n.10 (1965)), *vacated sub nom. Univ. Notre Dame v. Burwell*, 135 S. Ct. 1528 (2015); *Antilles Cement Corp. v. Acevedo Vila*, 408 F.3d 41, 45 (1st Cir. 2005) ("A federal court of

appeals has broad discretion to grant . . . intervention at the appellate level.") (citing

*Mangual v. Rotger-Sabat*, 317 F.3d 45, 62 (1st Cir. 2003)).[1]

In determining whether intervention is warranted at the appellate level, courts consider the factors enumerated in Federal Rule of Civil Procedure 24. *See Scofield*, 382 U.S. at 215 n. 10 ("Under Rule 24 (a)(2) or Rule 24 (b)(2), we think the charged party would be entitled to intervene."); *see also, e.g.*, *Sebelius*, 743 F.3d at 558 (noting that "Rule 24 suppl[ies] the standard for determining whether to permit intervention" on appeal); *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (applying Rule 24 standard).

## III. MOVANTS ARE ENTITLED TO INTERVENE AS OF RIGHT.

Federal Rule of Civil Procedure 24 provides that, on a timely motion, the Court must permit "anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24's precepts are "to be liberally construed," with "any doubts… resolved in favor of the interveners." *Kozak v Wells*, 278 F.2d 104, 112 (8th Cir.

---

[1] *See also Textile Workers Union v. Allendale Co.*, 226 F.2d 765, 767-768 (D.C. Cir. 1955); *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997); *Goodman v. Heublein, Inc.*, 682 F.2d 44, 47 (2d Cir. 1982); *United States v. Bursey*, 515 F.2d 1228, 1238 n.24 (5th Cir. 1975); *In re Grand Jury Investigation into Possible Violations of Title 18, etc.*, 587 F.2d 598, 601 (3d Cir. 1978).

1960).[2]  Indeed, as this Court has noted, the circumstances outlined in Rule 24(a) do not provide "'a comprehensive inventory of the allowable instances for intervention' as of right." *Textile Workers Union v. Allendale Co.*, 226 F.2d 765, 768 (D.C. Cir. 1955) (citation omitted).

As the Supreme Court has made clear, absent class members must be permitted to intervene as of right to seek review of a class certification decision when their interests will "no longer be protected by the named class representatives." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)[3] ; *see also Ross v. Marshall*, 426 F.3d 745, 755 (5th Cir. 2005), *cert. denied*, 549 U.S. 1166 (2007) ("A common example of post-judgment

---

[2] *See also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 n.1 (1987) (Brennan, J., concurring) (noting, in the context of its former iteration, that "Rule 24(a) considerably restricts the court's discretion whether to allow intervention of right by providing that such a party '*shall* be permitted to intervene.'") (emphasis in original) (quoting former iteration of Rule 24, subsequently replaced with the word "must"); *Cook v. Boorstin*, 763 F.2d 1462, 1472 (D.C. Cir. 1985) (reversing denial of intervention as reflecting district court's "wooden understanding of Rule 24"); *S. Utah Wilderness Alliance v. Norton*, No. 01-2518, 2002 U.S. Dist. LEXIS 27414, at *16 (D.D.C. June 28, 2002) (discussing this Court's "liberal approach" to intervention).

[3] In fact, it is an entirely commonplace feature of class litigation for class members to intercede as class representatives when the original named plaintiffs fall out of the case based on a settlement or for other reasons. *See* Fed. R. Civ. P. 23(d)(1)(B)(iii) (authorizing court to issue orders allowing class members "to intervene and present claims or defenses, or to otherwise come into the action"). *See also, e.g., Cobell v. Kempthorne*, 455 F.3d 317, 323 (D.C. Cir. 2006) (noting that Rule 23(d)(3)'s purpose is "ensuring proper representation of class interests"). Indeed, "courts not only may, but *should*, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.'" *In re Nat'l Austl. Bank Sec. Litig.*, No. 03-cv-6537, 2006 U.S. Dist. LEXIS 94163, at *12 (S.D.N.Y. Nov. 8, 2006) (emphasis in original) (quoting *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989)).

intervention that satisfies the[] criteria [set forth in Rule 24(a)] is intervention for the purpose of appealing a decision that the existing parties to a suit have decided not to pursue.").[4]

Here, Movants meet the standards for intervention as of right under Rule 24(a)(2) because: (i) this motion is timely made, (ii) the settlement and dismissal of Petitioner Brewer's claims directly affects Movants' interests in the Petition, and (iii) with the dismissal of Petitioner Brewer's individual claims, there is no party who stands in Petitioner's position to adequately protect Movants' interests in appellate review of the Certification Order.[5]

---

[4] *See also In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) ("In the class action context, absent (or unnamed) class members generally can intervene if the class representatives are no longer adequately representing their interests . . ..") (citing 1 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 16.06-16.07, at 16-35, 16-39 (3d ed. 1992) ("Newberg"); Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment ("A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability . . . should as a general rule, be entitled to intervene in the action."); 3 William Rubenstein, *Newberg on Class Actions* § 9:30 (5th ed. 2013) ("An absent class member may also intervene to . . . preven[t] dismissal of either class-wide or individual claims").

[5] Because the Petition pending before this Court is discretionary, Movants also are filing a motion to intervene in the district court for the purpose of noticing an appeal as of right, pursuant to Fed. R. App. P. 4(a)(1)(B) to ensure that the issues already briefed and set for oral argument before this Court will be raised on appeal, should this Court deny the discretionary Petition. As the Supreme Court observed in *Scofield*, 382 U.S. at 214:

> Denial of intervention in the initial review proceedings – and the attendant remand to the Board and second appeal to the Court of Appeals – only results

**A.** **This Motion Is Timely, As It Is Made As Soon As It Became Clear that Movants' Interests Will Not Be Adequately Protected By Petitioner Brewer.**

This motion is timely because it is made "as soon as it became clear to [Movants] that the interests of the unnamed class members would no longer be protected by the named class representatives." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *see also Hill v. Western Elec. Co.*, 672 F.2d 381, 386 (4th Cir.), *cert. denied*, 459 U.S. 981 (1982) ("In a class action the critical issue with respect to timeliness is whether the proposed intervenor moved to intervene as soon as it became clear that the interests of the unnamed class members would no longer be protected by the named class representatives.") (quotation, alterations and citation omitted).

Up to the point that the settlement agreement was finally agreed to and signed and the stipulation of dismissal filed, Petitioner Brewer was vigorously litigating the Petition seeking review of the Certification Order – including filing four briefs over seven months, the last filed just two months ago. The settlement agreement and

---

in a delay of the time when the disaffected party may seek review here. Should we decide to grant certiorari, the first review would seem the more propitious time, since all the parties are then before the Court and the dispute has been fully developed without inconvenience to either private party.

*See also Textile Workers*, 226 F.2d at 770 ("The interventions sought here would serve the ends of justice [and] promote judicial and administrative convenience by avoiding a multiplicity of proceedings . . ..").  Similarly, here, consideration of the Petition will avoid the delays and repetition that would result from this Court's deferral of consideration of the arguments made therein until a separate appeal is fully developed.

dismissal of Petitioner Brewer's claims have radically altered the existing state of affairs, leaving no one in a position to continue to act as Petitioner in pursuing the Petition scheduled for oral argument on September 12, 2016.

As this motion is filed only days after the effective date of the settlement and at the same time as the stipulation of dismissal is being filed in the district court, it is unquestionably timely. *McDonald*, 432 U.S. at 393-94. *See also In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Morg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005) (finding motion filed by potential class members over two years into the litigation and within two months of receiving notice of class settlement timely); *Hill*, 672 F.2d at 386 (class member-intervenors had no obligation to move for intervention upon entry of appellate court decision deeming existing plaintiffs inadequate, despite passage of more than nine months: "Until the Supreme Court denied certiorari the named class representatives were actively pursuing, and had not been foreclosed from representing, the interests of the hiring class."); *U.S. v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (finding motion filed 18 months after lawsuit was filed and six months after the parties began mediation to be timely, as intervenors moved to intervene "as soon as they had notice that the proposed settlement was contrary to their interests"); *Hartman v. Duffy*, 158 F.R.D. 525, 532 (D.D.C. 1994) (rejecting defendant's argument that motion to intervene came 16 years too late, and finding motion timely when "[p]etitioners promptly moved for intervention following the Court of Appeals'

finding that the propriety of class certification was in question" and suggesting that

additional class representatives be added).[6]

Relatedly, Respondent will suffer no prejudice from intervention. Movants

raise no new contentions in connection with the Petition, but seek only to ensure that

the Court is able to rule on the arguments already fully briefed by Petitioner Brewer.[7]

---

[6] *See also Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008) (motion to intervene timely where intervenor knew about the case for nine months but waited to intervene until she "became aware that her interests were imperiled": "Until that time, she had reasonably thought that [a party] would aggressively defend" her interests); *Rowe v. E.I. du Pont De Nemours & Co.*, No. 06-1810, 2011 U.S. Dist. LEXIS 96450, at *2, 14 (D.N.J. Aug. 26, 2011) (motion filed after "almost five years of extensive, dogged litigation" timely when filed over 10 weeks after class members received notice of settlement); *Eckert v. Equitable Life Assur. Soc'y of the U.S.*, 227 F.R.D. 60, 62, 64 (granting motion for intervention made six days after defendant moved to dismiss case for being mooted by a settlement with named plaintiff); *Turkmen v. Ashcroft*, No. 02-CV-2307, 2010 U.S. Dist. LEXIS 97415, * 8, 17 (E.D.N.Y. June 30, 2010) (motion to intervene timely where filed several years into the litigation and eight months after plaintiffs agreed to settlement terms, as "[t]he need for intervenors did not arise until . . . plaintiffs . . . settled their claims."); *In re Bridgestone Secs. Litig.*, 430 F. Supp. 2d 728, 740 (M.D. Tenn. 2006) (intervention of class member timely when made following appellate ruling which made clear that the lead plaintiff could not participate in the case).

[7] Movants do not seek to raise any new contentions regarding the Certification Order on appeal, but only to ensure that the Court is able to rule on those arguments already made by Petitioner Brewer. *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("it is improbable that the defendants would be prejudiced by intervention . . . since the purpose of intervention [is] to permit [them] to join in the complaint rather than to assert different causes of action"). Moreover, the Petition is already fully briefed and, oral argument has been scheduled. Thus, intervention will cause no delay in the proceedings. *See, e.g., Scofield*, 382 U.S. at 215 ("The rights typically secured to an intervenor in a reviewing court . . . are not productive of delay nor do they cause complications in the appellate courts."); *United States v. Laraneta*, 700 F.3d 983, 986

**B.** <u>**Movants Have a Protectable Interest in The Petition.**</u>

The second prong of the Rule 24(a)(2) inquiry is also satisfied. As potential members of the proposed class at issue, Movants necessarily have protectable interests relating to the subject of the Petition. *See McDonald*, 432 U.S. at 392-94 (recognizing that unnamed class members had interest in appellate review of the class certification decision after the named plaintiff settled). Indeed, in *Deposit Guar. Nat'l Bank v. Rope*r, 445 U.S. 326, 331 (1980), the Supreme Court noted that prospective class members have an interest in both "the substantive controversy and . . . [in] employ[ing] . . . the procedural device of a Rule 23 class action . . .."

These interests provide Movants with a sound basis for intervention as of right. *See McDonald,* 432 U.S. at 392-94; *In re Cmty. Bank*, 418 F.3d at 314; ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."); *In re Discovery Zone Secs. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) (noting that absent class members "would have little difficulty showing an interest in the action").[8]

---

(7th Cir. 2012) (noting that "[t]he complications of intervention are many fewer at the appellate stage, where participation is limited to filing briefs and, at the appellate court's discretion, participating in oral argument . . .").

[8] *See also Cook,* 763 F.2d at 1466-67 (reversing denial of motion to intervene 31 class members who did not fit within scope of certified class; each intervenor alleged injury based on a "system of racial discrimination the same as or very similar to that [alleged by named plaintiffs]" and "may be said to have asserted their claims as a result of the

**C.** **The Settlement and Dismissal of Petitioner Brewer's Individual Claims Impairs Movants' Ability to Protect Their Interests in the Petition.**

The settlement and dismissal of Petitioner Brewer's individual claims undoubtedly satisfies the third prong of Rule 24(a)(2).

Because the Petition seeks immediate appellate review of the Certification Order and only parties can appeal an order, the dismissal of Petitioner Brewer's claims in the district court eliminates the claims of the party pursuing the Petition. *See, e.g., Bloom v. FDIC*, 738 F.3d 58, 62 (2d Cir. 2013) (unnamed class member had no right to appeal class certification decision absent intervention); *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 881 (7th Cir. 2000) ("Because only parties may appeal, it is vital that district courts freely allow the intervention of unnamed class members who . . . want an option to appeal an adverse decision."); *Uhl v. Thoroughbred Tech. & Telecomms. Inc.*, No. IP 00-1232-C, 2001 U.S. Dist. LEXIS 13115, at *41-42 (S.D. Ind. Aug. 28, 2001) ("[B]ecause only parties may appeal [a decision], it is vital that district courts freely allow the intervention of unnamed class members" in order to appeal rulings

---

same significantly protectable interest in being free of racial discrimination in employment") (quotations, alternations and citation omitted); *Foster*, 655 F.2d at 1324 (reversing decision denying intervention to movants who "allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs, and [whose] claims for relief are founded on the same statutory rights as are the claims of the plaintiffs"); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2009).

adverse to their interests where the named plaintiffs are unable to appeal or lack a stake in pursuing an appeal.).[9]

Intervention is therefore necessary in order to protect Movants' interests in pursuing the Petition pending in this Court.

## D. Movants' Interests Will Not Be Adequately Represented by Existing Parties.

The fourth requisite for intervention as matter of right – inadequacy of representation – is also easily met here. Movants' burden is "*minimal*," and is met if they demonstrate that representation of their interests "'*may* be' inadequate." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added). The party opposing intervention carries the burden to show that representation *will* be adequate if intervention is denied; intervention "ordinarily should be allowed . . . unless it is clear

---

[9] To the extent that there is precedent from this Circuit suggesting that Petitioner Brewer might be able to pursue an appeal of the Certification Order notwithstanding the fact that he has settled and dismissed his claims, *see Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006), Petitioner notes, first, that he does not intend to notice an appeal. Second, other courts of appeal have reached the opposite conclusion, *see e.g., Campion v. Old Republic Prot. Co., Inc.*, 775 F.3d 1144, 1146-47 (9th Cir. 2014). Indeed, the Supreme Court has granted certiorari on the question: "Whether a federal court of appeals has jurisdiction under both Article III and 28 U. S. C. § 1291 to review an order denying class certification after the named plaintiffs voluntarily dismiss their individual claims with prejudice." *Microsoft Corp. v. Baker*, No. 15-457, __ U.S. __, 136 S. Ct. 890 (Jan. 15, 2016). Accordingly, at the very least, the dismissal of Petitioner Brewer's claims in the district court presents a substantial threat to Movants' interests in the Petition, and a threat that cannot conclusively be disregarded in deciding this motion to intervene.

that the party will provide adequate representation to the absentee." *United States v. Am. Tel. & Tel. Co*, 642 F.2d at 1293-94. Inadequacy of representation may become apparent at the appellate stage. *See id.*; *Foster*, 655 F.2d at 1325.

As noted above, the dismissal of *all* of Petitioner Brewer's claims in the district court, necessarily including claims for attorneys' fees, effectively removes him as a party to the case. Further, evolving precedent and a pending Supreme Court case make clear that Petitioner Brewer's dismissal "may" render his representation "inadequate." *See supra*, n. 9. In short, it is impossible for Respondent to carry its burden of demonstrating with certainty that Petitioner Brewer's representation in the Petition will be adequate.

Thus, as noted above, Movants' interests in the Petition can assuredly be preserved only through intervention. *See Bloom*, 738 F.3d at 62 ("If an unnamed putative class member always had a sufficient interest in certification that he could appeal without being a party, the Supreme Court would have had no need to provide a process for post-judgment intervention."); *Alleco,* 969 F.2d at 680; *Crawford*, 201 F.3d at 881.

Accordingly, Movants have clearly met their "minimal" burden of demonstrating that their interests *may* not be adequately represented unless they are allowed to intervene.[10]

## IV. CONCLUSION

For the reasons set forth above, this Court should grant Movants intervention to substitute for Petitioner Brewer in the Petition pending in this Court. In the alternative, Movants suggest that this motion be referred to the merits panel for disposition after oral argument on September 12, 2016.

DATE: July 22, 2016

Respectfully submitted,

/s/David W. Sanford
David W. Sanford (Counsel of Record)
Thomas J. Henderson
Stefanie Roemer
**SANFORD HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
dsanford@sanfordheisler.com

---

[10] In the alternative, Movants request that the Court exercise its discretion under Fed. R. Civ. P. 24(b) to allow Movants to intervene in this matter. *See*, *e.g.*, *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 919 (7th Cir. 1976) ("It is entirely proper [] to permit putative class members [] to intervene [under Rule 24(b)] for purpose of pursuing an appeal of the adverse class action determination"), *aff'd*, *United Airlines v. McDonald*, 432 U.S. 385 (1977).

## CERTIFICATE OF SERVICE

I, Lindsay Funk, hereby certify that on this 22nd day of July, 2016, a true and correct copy of the foregoing document was served upon the following counsel of record via ECF:

**Joshua M. Salzman**
**Marleigh Dover**
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION
Appellate Staff
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Joshua.m.salzman@usdoj.gov
Marleigh.dover@usdoj.gov


 /s/  Lindsay Funk
       Lindsay Funk

# ADDENDUM

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rules 26.1 and 27(a)(4), Proposed Intervenors Keith Harrington, Melanie Thompson, Mariam Rodgers, and Frederick Robinson, by and through their undersigned counsel, hereby file this Disclosure Statement. Proposed Intervenors Keith Harrington, Melanie Thompson, Mariam Rodgers, and Frederick Robinson are individuals, and not corporations, and do not have any parent corporations or issue stock.

# ADDENDUM

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1), Proposed Intervenors Keith Harrington, Melanie Thompson, Mariam Rodgers, and Frederick Robinson, by and through their undersigned counsel, submit this Certificate as to Parties, Rulings, and Related Cases:

### A. Parties and *Amici*:

The following persons were parties before the United States District Court for the District of Columbia and are parties before this Court in connection with this Petition:

**Petitioner:**
The Petitioner in this matter is Herman Brewer. Mr. Brewer was the plaintiff in the district court.

**Respondent:**
The Respondent in this matter is United States Attorney General Loretta Lynch. United States Attorney General Loretta Lynch was the defendant in the district court.

**Proposed Intervenors:**
Keith Harrington, Melanie Thompson, Mariam Rodgers and Frederick Robinson are prospective class members before the district court and the proposed intervenors before this Court.

*Amici*
No entities appeared as *amici* before the district court, and Proposed Intervenors are aware of no *amici* who intend to participate before this Court in this proceeding.

### B. Rulings Under Review
The ruling under review in this proceeding is the district court's September 30, 2015 Order denying class certification ("Certification Order").